UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS PENSION
FUND, BRICKLAYERS SUPPLEMENTAL
ANNUITY FUND, BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL
PENSION FUND, NEW YORK CITY AND LONG
ISLAND JOINT APPRENTICESHIP AND
TRAINING FUND, INTERNATIONAL
MASONRY INSTITUTE, and JEREMIAH
SULLIVAN, JR., in his fiduciary capacity as
Administrator and Chairman of Trustees,
BRICKLAYERS LOCAL 1, INTERNATIONAL
UNION OF BRICKLAYERS AND ALLIED
CRAFT WORKERS, and BRICKLAYERS
LABOR MANAGEMENT COMMITTEE,

**MEMORANDUM & ORDER**
16-CV-04545 (MKB) (VMS)

               Plaintiffs,

               v.

TRISTATE CONSTRUCTION & MASONRY,
CORP. and MOHAMMAD SHABBIR,

               Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Bricklayers Insurance and Welfare Fund ("Welfare Fund"), Bricklayers Pension Fund ("Pension Fund"), Bricklayers Supplemental Annuity Fund ("Annuity Fund"), Bricklayers and Trowel Trades International Pension Fund ("IPF"), New York City and Long Island Joint Apprenticeship and Training Fund ("JATC"), International Masonry Institute ("IMI"), and Jeremiah Sullivan, Jr. ("Sullivan") in his fiduciary capacity as Administrator and Chairman of Trustees, Bricklayers Local 1 ("Local 1"), International Union of Bricklayers and Allied Craft Workers ("IU"), and Bricklayers Labor Management Committee ("LMC") (collectively

"Plaintiffs" and "Funds") commenced the above-captioned action against Defendants Tristate Construction & Masonry, Corporation ("Tristate") and Mohammad Shabbir ("Shabbir") (collectively "Defendants"), pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 *et seq.* ("LMRA"). (Compl., Docket Entry No. 1.) Plaintiffs allege that Tristate failed to make employee benefit fund contributions and that Shabbir breached his fiduciary duty in violation of sections 515, 404 and 409 of ERISA. (*Id.* ¶ 1.) On February 17, 2017, Plaintiffs moved for default judgment, seeking damages and injunctive relief. (Pls. Mot. for Default J. ("Pls. Mot."), Docket Entry No. 14.) On April 3, 2017, the Court referred Plaintiffs' motion for default judgment to Magistrate Judge Vera M. Scanlon for a report and recommendation. (Order dated April 3, 2017.)

By report and recommendation dated February 9, 2018 (the "R&R"), Judge Scanlon recommended that Plaintiffs' motion for default judgment be granted in part and denied in part. (R&R, Docket Entry No. 18.) Judge Scanlon recommended that Plaintiffs be awarded $191,977.89 in damages, which includes $88,168.36 owed by Tristate to the ERISA Funds,[1] $9,430.90 owed by Tristate to the non-ERISA Funds, $13,647.50 owed by Shabbir to the Vacation Funds, $5,422.04 owed by Shabbir to the IPF, $8,824.70 owed by Shabbir in dues to Local 1, $37,868.03 in interest on the principal owed by Tristate, $10,582.69 in interest on the principal owed by Shabbir, $17,633.67 in liquidated damages on the principal owed to the ERISA Funds by Tristate, and $400 in costs against Tristate. (*Id.* at 30–31.) Judge Scanlon further recommended that Plaintiffs be awarded interest at daily rates from January 17, 2018

---

[1] The R&R provides descriptions as to which funds belong to the ERISA Funds, non-ERISA Funds, and Vacation Funds. (*See* R&R 13, 20.)

until the date of entry of judgment of $24.18 on the principal for the amount owed to the ERISA Funds by Tristate, $2.33 on the principal for the amount owed to the non-ERISA Funds by Tristate, $5.23 on the principal for the amount owed relating to unpaid contributions by Shabbir, and $2.18 on the principal for the amount owed relating to unpaid dues by Shabbir. (*Id.* at 31.) Lastly, Judge Scanlon recommended that the motion be denied without prejudice to the extent it seeks monies relating to hours worked by people described as "not our member journeymen" and injunctive relief. (*Id.*) Plaintiffs had requested injunctive relief "in the form of an order requiring Defendant Tristate to permit and to cooperate with Plaintiffs in the conduct of an audit of Tristate's books and payroll in the period since its last audit, . . . and to pay any delinquencies shown to be due as a result of such audit." (*Id.* at 6.)

On February 21, 2018, Plaintiffs filed a timely partial objection to the R&R, only objecting to the denial of the "request for injunctive relief in the form of an audit of Tristate's books and records." (Pls. Letter Obj. to R&R ("Pl. Obj."), Docket Entry No. 19.) Plaintiffs explained that Tristate "voluntarily submitted to an audit during the pendency of th[e] lawsuit," and that no delinquencies were found. (*Id.*) No other objections have been filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1

3

(E.D.N.Y. Nov. 24, 2015).  The clear error standard also applies when a party makes only conclusory or general objections.  *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding "general objection[s] [to be] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

The Court has reviewed the unopposed portions of the R&R and, finding no clear error, the Court adopts those recommendations pursuant to 28 U.S.C. § 636(b)(1).  Accordingly, the Court adopts Judge Scanlon's recommendations as to damages in their entirety.  As to the recommendation denying the injunction, the Court declines to adopt that portion of the R&R because that issue was mooted by Defendant's voluntary submission to an audit, and lack of delinquencies.  *See Finkel v. Alltek Sec. Sys. Grp., Inc.*, No. 10-CV-4887, 2011 WL 4543495, at *1 (E.D.N.Y. Sept. 29, 2011) (declining to adopt portion of report and recommendation because it had become moot); *Collazo v. Pagano,* No. 06-CV-941, 2008 WL 649070, at *1 (N.D.N.Y. Mar. 6, 2008) (rejecting report and recommendation in part as moot).

SO ORDERED:

　　　　s/ MKB　　　　　
MARGO K. BRODIE
United States District Judge

Dated: March 16, 2018
　　　Brooklyn, New York

4